(Hamilton County Common Pleas Court.)
## EDWARD S. GATES v. CINCINNATI, COLUMBUS & WOOSTER TURN-PIKE COMPANY.

Injunction will not lie at the suit of a tax-payer and resident to restrain the collection of toll within eighty rods of the corporate limits of a city or village where such limits have been enlarged.

The remedy of one traveling over such a pike is by mandamus against the city to institute appropriation proceedings against the company.

JELKE, J,

The defendant company is maintaining a toll gate on the Cincinnati, Columbus & Wooster turn-pike, within the corporate limits of the city of Cincinnati, contrary to the inhibition contained in Rev. Stat., 3491. The plaintiff, a tax-payer and resident, prays for an injunction, restraining the defendant from maintaining such gate. Rev. Stat., 3491, provides: "No company shall hereafter erect a toll-gate and collect tolls within the limits of any city or village, or within eighty rods of such limits; and where by the creation of a village or the extension of the limits of a city or village, a toll-gate is brought within such limits of a city or village, or within eighty rods thereof, the company shall remove the gate to a point on its road not nearer to such limits than eighty rods, and so much of its road as is included within the limits of such city or village shall become a public street, and be kept in repair as other public streets, but no toll shall be taken thereon; but compensation shall be made to the company for the damages it will sustain by reason of such removal of its toll gate, and surrender of such part of its road, and if the company and the proper authorities of the city or village do not agree thereon, the damages shall be ascertained in proceedings which the municipal authorities shall commence to appropriate such property to the use aforesaid, in the manner provided by law for the appropriation of property by municipal corporations; or in default of such agreement, or the institutions of such appropriation proceedings, the company, at any time after the removal of the toll gate, may recover the same from the city or village by civil action."

There is no doubt that defendant can be compelled to remove its toll-gate.

It is equally clear that it can be so compelled only on receiving adequate compensation.

Further. I am of opinion. however, that the defendant company can not be compelled to surrender this part of its pike and to remove its gate unless 'a' compenstion therefor, shall first be made in money," etc., as provided by sec. 19, art. 1, of the constitution.

The city and defendant have not come to an agreement, neither has the city instituted appropriation proceedings, neither has the defendant a right to sue the city for compensaiton until it removes its gate.

It would not be constitutional to construe Rev. Stat., 3491, so that defendant could be compelled to remove its gate and be restrained from collecting tolls thereat, and then be relegated to its suit for compensation.

I am of the opinion that it is the duty of the city to take the initiative in these proceedings; in default thereof by the city, defendant may or may not remove its gate and bring suit as it elects.

The statute makes removal of the gate a condition precedent to suit by the company, and the constitution makes compensation to the company a condition precedent to compulsory removal of the gate by the city.

In this situation, I am of opinion that plaintiff is not entitled to the injunction prayed for until compensation has been made to the defendant.

Plaintiff has a right under this statute to travel this pike free of toll.

What is his remedy? I am of opinion that his remedy is by mandamums against the city to compel it, in default of agreement with defendant company, to institute appropriation proceedings under the statute

Application for injunction will be denied.
C. J. McDiarmid, for plaintiff.
Edward Colston, for defendant.